IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH  DIVISION


JAMES MITCHELL MONTGOMERY                                    PLAINTIFF

     v.                 Civil No. 13-2250

ERNIE WITT                                                          DEFENDANT


### REPORT AND RECOMMENDATION OF THS MAGISTRATE JUDGE

The Plaintiff, James M. Montgomery, has filed this action pursuant to the provisions of 42 U.S.C. § 1983.  He proceeds *pro se* and *in forma pauperis.*

The case is before the court for preservice screening under the provisions of the Prison Litigation Reform Act.  Pursuant to 28 U.S.C. § 1915A the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).

### I.  Discussion

Ernie Witt is an attorney Plaintiff retained to represent him in connection with a criminal charge.  Plaintiff does not believe he was adequately represented and sets forth numerous ways in which Defendant's representation went against the Plaintiff's interests.

"[I]n any § 1983 action the initial inquiry must focus on whether the two essential elements to a § 1983 action are present:  (1) whether the conduct complained of was committed by a person acting under color of state law; and (2) whether this conduct deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." *Parratt v. Taylor*, 451 U.S. 527, 535 (1981).

-1-

Private attorneys do not act under color of law and are not subject to suit under § 1983. *DuBose v. Kelly*, 187 F.3d 999 (8th Cir. 1999). Defendant was not acting under color of state law while representing the Plaintiff in his criminal proceeding. *See e.g., Polk County v. Dodson*, 454 U.S. 312, 318 (1981) (public defender does not act under color of state law when performing traditional functions as counsel); *DuBose*, 187 F.3d at 1002-1003 ("[C]onduct of counsel generally does not constitute action under color of law."); *Dunn v. Hackworth*, 628 F.2d 1111, 1112 (8th Cir. 1980)("The actions of privately retained counsel are not considered state action and therefore cannot form the basis of a § 1983 claim.").

### 2. Conclusion

I recommend that this action be dismissed for failure to state a claim and because it is frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i)- (iii) (*in forma pauperis* action may be dismissed on such grounds at any time). The dismissal of this action will constitute a strike under 28 U.S.C. § 1915(g). The Clerk should be directed to place a § 1915(g) strike flag on the case.

**The Plaintiff has fourteen (14) days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The Plaintiff is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 10th day of December 2013.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE

-2-